UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                        :
JENNIFER LEECH, *et al.*,              :
                                        :        CASE NO. 1:10-CV-2645
             Plaintiffs,            :
                                        :
             v.                      :        OPINION & ORDER
                                        :        [Resolving Doc. Nos. 126, 139, 147]
JOHN MAYER, *et al.*,                :
                                        :
             Defendants.         :
                                        :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Plaintiffs Jennifer Leech and Edwin Griffeth allege that police and probation officers, county prosecutors, state and local government agencies, and a county judge conspired to harass them. In total, the Plaintiffs bring twelve counts against twenty-seven defendants for alleged violations of their rights under state and federal law. [Doc. 1; Doc. 103.]

       The Ohio Adult Parole Authority ("OAPA") and its employees move to dismiss for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). [Doc. 126] The OAPA Defendants are the OAPA itself, a state agency, and Lee Sampson, Russell Daubenspeck, Dave Lomax, Ron Nelson, and Lazarus Todd, all current or former OAPA employees and all sued in their individual and professional capacities.

       Plaintiffs' claims against the OAPA Defendants center on their alleged supervision—or lack thereof—of John Mayer, a former OAPA employee. Mayer is the common thread among all the defendants in this case, but does not move to dismiss. The OAPA Defendants, according to the

Case No. 1:10-CV-2645
Gwin, J.

complaint, kept quiet while Mayer engaged in a pattern of allegedly unconstitutional and unlawful tactics. Because, however, the OAPA Defendants are shielded from liability under the Eleventh Amendment, and because the Plaintiffs' failed to plead sufficient facts to tie the OAPA Defendants to Mayer's alleged actions, the Court **GRANTS** the OAPA Defendants' motion and dismisses all claims against the OAPA Defendants.

## I. Background

The relevant facts as alleged in the Plaintiffs' complaint are as follows. In August 2004, in an unrelated criminal matter, Plaintiff Edwin Griffeth was sentenced to a four-year prison term. In 2006, after Griffeth was granted court supervised release to the OAPA, the alleged conspiracy and harassment began.

John Mayer had long suspected that his wife, Plaintiff Jennifer Leech, was having an affair with Plaintiff Griffeth. Mayer supervised the Mansfield Unit of the OAPA, the same unit tasked with monitoring Griffeth's community control after his release from prison. Griffeth's supervision was initially assigned to another officer,[1] but Mayer, as supervisor, "took control" of the case, even though he had "no permission from his OAPA supervisor and/or authority to do this." [Doc. 1 at 21-22.] Although OAPA policy mandated that Mayer disclose his relationship with Griffeth, he "never disclosed to the OAPA that he had a conflict of interest in . . . Griffeth's case." [Doc. 1 at 22.]

Over the next couple of years, from 2006 through 2008, Mayer allegedly harassed Griffeth, including subjecting him to "approximately 50 urinalysis tests and/or approximately 50 Breathalyzer tests," despite Griffeth never testing positive for drugs or alcohol. [Doc. 1 at 30.] All the while, according to the complaint, the OAPA Defendants—Mayer's coworkers and supervisors—stood idle,

---

[1] Kenny Kaufman, who is not a party to this lawsuit. [Doc. 141 at 6.]

Case No. 1:10-CV-2645
Gwin, J.

either "failing to properly supervise" or "failing to discipline" Mayer. [Doc. 1 at 50-51; Doc. 141 at 8.]

Mayer and Leech separated in January 2008. Apparently still concerned for his estranged wife's safety, Mayer gave Leech a gun to keep at the house for protection. The gun, as it turned out, was an official State of Ohio service revolver. When the couple divorced in August 2008, Mayer wanted the gun back, and had an attorney in the Richland County Prosecutor's Office call Leech to demand that she return it to the Prosecutor's Office immediately. Leech, through her brother, returned the gun to Defendant Dave Lomax, an OAPA supervisor. [Doc. 1 at 24-26.]

The alleged harassment came to a head later that year in November 2008 when, after a night of drinking, Mayer spotted Griffeth and Leech driving together. Mayer called the police and had Griffeth arrested for violating curfew and other conditions of his parole. The next morning, Defendant Lomax ordered that Mayer have no further contact with Griffeth's case. Mayer disobeyed this order, and the OAPA eventually terminated him as a result. [Doc. 1 at 9.]

Against this backdrop, Plaintiff brings claims alleging violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, a civil conspiracy under 42 U.S.C. § 1985, and violations of the First, Second, and Fourteenth Amendments under 42 U.S.C. § 1983.

## II. Legal Standard

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court may grant a motion to dismiss for failure to state a claim only when "it appears

-3-

Case No. 1:10-CV-2645
Gwin, J.

beyond doubt" that the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Conley v. Gibson, 355 U.S. 41, 45 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." Id. "[A] court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. Id. at 1949-51.

### III. Analysis

**1. Claims Against the OAPA and Claims Against the OAPA Defendants in their Official Capacities**

The Eleventh Amendment "is a bar to federal court jurisdiction whenever a private citizen attempts to sue a state." See Lawson v. Shelby County, 211 F.3d 331, 334 (6th Cir. 2000). Eleventh Amendment immunity applies not only to the states themselves, but also to "state agents and state instrumentalities." Regents of Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997). The OAPA is a state agency entitled to immunity. As employees of the OAPA, the OAPA Defendants, in their official capacities, are also entitled to Eleventh Amendment immunity.

There are, however, three exceptions to the Eleventh Amendment bar: (1) if the state has consented to suit; (2) if the circumstances first recognized in Ex parte Young, 209 U.S. 123 (1908), are present; or (3) if Congress has abrogated the state's immunity. See Beil v. Lake Erie Correction Records Department, 282 F. App'x. 363, 366 (6th Cir. 2008) (unpublished). Because the Eleventh Amendment is a bar to federal court subject matter jurisdiction, the burden is on the plaintiff to prove

Case No. 1:10-CV-2645
Gwin, J.

jurisdiction in order to survive a Rule 12(b)(1) motion. *Id.* at 365. Yet the Plaintiffs here advance no argument on Eleventh Amendment immunity and, instead, address only qualified immunity. Indeed, the opening sentence in Plaintiffs' brief in opposition reflects Plaintiffs' fatal conflation of the two issues, characterizing the Defendants' motion to dismiss as being based on "the Eleventh Amendment's qualified immunity clause." [Doc. 141 at 4.]<sup>2/</sup> The Court thus dismisses Plaintiffs' claims against the OAPA Defendants in their official capacities.

### 2. Claims Against the OAPA Defendants in their Individual Capacities

Plaintiffs also allege violations of the First, Second, and Fourteenth Amendments under 42 U.S.C. § 1983. Section 1983 liability is individual liability. In order for liability to attach to the OAPA Defendants for the actions of John Mayer, the Plaintiffs must allege that the OAPA Defendants "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Plaintiffs must allege sufficient facts to show that the Defendants actively encouraged or condoned the behavior, because supervisory liability under § 1983 will "not attach where the allegation of liability is based upon a mere failure to act." *Id*. Mere right to control an employee is not enough: there must be encouragement, participation, or, at minimum, implicit authorization. *Id*.

Here, there is no allegation of the OAPA Defendants' direct involvement in Griffeth's treatment while under Mayer's supervision. As the Plaintiffs admit, Mayer "never disclosed to the

---

<sup>2/</sup> Moreover, upon its own review, the Court finds it doubtful that an exception to Eleventh Amendment immunity applies. The first and third exceptions are not even arguably applicable. Only the *Ex parte Young* exception, under which a federal court can issue prospective injunctive relief in certain circumstances, is possibly in play in this case. [Doc. 1 at 86.] But because Griffeth's supervision was transferred to the Richland County Adult Parole Authority, away from John Mayer and the OAPA Defendants, the OAPA Defendants are no longer in a position to allegedly violate Griffeth's rights. Thus, even if the Plaintiffs argued an exception to Eleventh Amendment immunity—and they did not—it is unlikely the *Ex parte Young* exception could save these claims.

Case No. 1:10-CV-2645
Gwin, J.

OAPA that he had a conflict of interest in . . . Griffeth's case." [Doc. 1 at 22.] When Mayer had Griffeth arrested for violating curfew and probation, he called the local police—not the OAPA—to effectuate the arrest. And when OAPA Supervisor Lomax found out about the incident the following morning, he prohibited Mayer from further contact with Griffeth's case and later fired him. Furthermore, it was the Richland County Prosecutor's Office—not the OAPA—that allegedly asked Leech to return the gun Mayer had given her, even if such request could somehow violate someone's constitutional rights. Thus, Plaintiffs have not alleged sufficient facts against the OAPA Defendants to support any of their § 1983 claims. This finding, of course, is limited only to the OAPA Defendants, not to the Richland County Defendants who have separately moved for summary judgment.

The Plaintiffs' have also failed to state a plausible claim under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. A complaint asserting a RICO claim must allege the (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir.1996). In order to establish a pattern of racketeering activity the plaintiffs must allege at least two predicate acts under 18 U.S.C. § 1961(1). *Id*. The Plaintiffs generally allege facts supporting the acts of: (1) false arrest; (2) theft of a phone; (3) unlawful search of a phone; and (4) stalking. [Doc. 1 at 66-78.] Yet even after liberally construing Plaintiffs' factual allegations into identifiable state or federal crimes, the Court is unable to find two predicate acts under § 1961(1), which lists crimes such as bribery, murder for hire, and dealings in chemical weapons. Thus, because the Plaintiffs have failed to allege facts supporting a civil RICO claim, the Court dismisses this claim against the OAPA Defendants.

Finally, as to the Plaintiffs' conspiracy claim, the Plaintiffs broadly allege some type of tacit

Case No. 1:10-CV-2645
Gwin, J.

agreement among OAPA employees to keep quiet, allowing Mayer to allegedly harass the Plaintiffs. Nowhere in the complaint, however, is there an allegation that the OAPA Defendants acted with discriminatory animus based on a constitutionally protected suspect classification, a necessary element to a 42 U.S.C. § 1985(3) conspiracy claim. *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). The Court therefore dismisses this claim against the OAPA Defendants.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the OAPA Defendants' motion and dismisses all claims against the OAPA Defendants. Furthermore, the Court **DENIES** the Plaintiffs' motion to strike, [Doc. 139], and **DENIES** as moot the OAPA Defendants' motion to strike, [Doc. 147].

IT IS SO ORDERED.

Dated: August 1, 2011                     s/        *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE